

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 1, 1947

Hon. Gibb Gilchrist, President
Agricultural and Mechanical
  College of Texas
College Station, Texas   Opinion No. V-188

Re:  Receipt of Tuition and
     Fees by State Institu-
     tions of Collegiate
     Rank from the Veterans
Dear President Gilchrist:   Administration.

        Your request for opinion presents the fol-
lowing questions:

        "(1) What State educational institu-
    tions are 'institutions of collegiate rank'
    within the meaning of Sections 1 and 4 of
    Article 2654b-1 of the Revised Civil Stat-
    utes of Texas?

        "(2) May State institutions of colle-
    giate rank in Texas lawfully charge and re-
    ceive payment of tuition and fees on account
    of honorably discharged veterans for train-
    ing under the provisions of Public Law No.
    16, 78th Congress, approved March 24, 1943,
    or Public Law No. 346, 78th Congress, ap-
    proved June 22, 1944, for the period be-
    tween May 15, 1943, the effective date of
    Section 3 of Article 2654b-1 of the Revised
    Civil Statutes of Texas, and  September 4,
    1945, the effective date of Section 4 of
    Article 2654b-1 of said statutes?

        "(3) If the above-mentioned institu-
    tions of collegiate rank may now lawfully
    charge and require, or lawfully receive
    payment of tuition and/or certain fees
    for education or training of the persons
    mentioned in (2) above during the period
    of time therein mentioned, are there any
    fees which such institutions may lawfully
    charge and  require or lawfully receive

payment for, as to such persons during said period and, if so, what are said fees?"

The answer to your first question may be found in the various separate statutes concerning State educational institutions to which you should refer with reference to any particular institution is determining whether or not it offers college courses. For the purposes of this opinion, it is believed that the words "institutions of collegiate rank" are synonymous with the words "State educational institutions" as used in Article 2654a, and at least include all of such listed institutions as follows:

"Sec. 3. The words 'State educational institutions' as used in this Act shall include the following and any branch thereof: The University of Texas; the Agricultural and Mechanical College of Texas; the various State teachers' colleges of Texas; the College of Industrial Arts of Texas; the John Tarleton Agricultural College of Texas; the North Texas Agricultural College; the Prairie View State Normal and Industrial College; the Texas Technological College; and any other State educational institutions either heretofore provided for or hereafter to be provided for under the laws of this State."

Your second question presents the problem of whether such educational institutions may receive payments for tuition and fees of veterans of World War II who attended such schools under Public Law No. 16 and Public Law No. 346 of the 78th Congress for the period between May 15, 1943, and September 4, 1945. This question is submitted in view of the Act passed by the 48th Legislature in 1943 adding Section 3 to Article 2654b-1 to extend previous World War I tuition and fee exemptions in state colleges to veterans of World War II, reading as follows:

"Sec. 3. All of the above and foregoing provisions, conditions and benefits hereinabove in this Article provided for

in Section 1 and in Section 2 shall apply
and accrue to the benefit of all nurses,
members of the Women's Army Auxilary Corps,
Women's Auxiliary Volunteer Emergency Ser-
vice, and all members of the United States
Army or of the United States Navy or the
United States Coast Guard, who have or
are now serving, or who may after the pas-
sage of this Act, serve in the armed forces
of the United States of America during the
present World War Number II, being the war
now being prosecuted, and which was enter-
ed into on or shortly after December 7,
1941, by the United States of America a-
gainst what are commonly known as the Axis
Powers; provided, further, that all the
above and foregoing persons named have
been honorably discharged from the ser-
vices in which they were engaged. And
provided further, that the benefits and
provisions of this Act shall also apply
and inure to the benefit of the children
of members of the United States Armed
Forces, where such members were killed in
action or died while in the service. The
provisions of this Act shall not apply to
or include any member of such United States
Armed Forces, or other persons hereinabove
named, who were discharged from the ser-
vice in which they were engaged because
of being over the age of thirty-eight (38)
years or because of a personal request on
the part of such person to be discharged
from such service.

"Other than as amended herein, pre-
sent Article 2654b-1 is hereby reenacted
and shall in all things continue in full
force and effect subject only to the ad-
dition of the above section to be known
as Section 3."

This Section stood alone until Section 4
was added by the 49th Legislature, effective Septem-
ber 4, 1945. As shown by the original Act, Article
2654b-1, V. C. S., the veterans described therein
and in Section 3 above quoted are exempt from the
payment of all dues, fees, and charges ordinarily
made by State institutions other than library and

laboratory deposits, and charges for lodging, board, or clothing.

The above exemptions are personal to the veterans and do not prohibit the State institutions from receiving payment of tuition and fees from the Veterans Administration or any other Federal agency. Neither is there anything in this Act which prohibits submission of charges, or statement of such tuition and fees to the Veterans Administration or any other Federal agency which operates a program of educational training benefits in cooperation with or by grants to the State institutions.

This interpretation is in complete harmony with Public Law No. 16 and Public Law No. 346, 78th Congress, together with amendments thereto and interpretations and instructions issued thereunder by the Veterans Administration. In setting up Federal programs for educational and training assistance to veterans, Congress provided for payment of certain tuition and fees to educational institutions and recognized that many of the veterans would elect to receive such education and training in State supported institutions, some of which have no established tui- tion rates, and many of which have tuition and fee rates less than the amounts necessary to cover the costs of such education and training. Provision was made to cover such situations in Public Law No. 346 in the following words:

"And provided further, That if any such institution has no established tui- tion fee, or if its established tuition fee shall be found by the Administrator to be inadequate compensation to such in- stitution for furnishing such education or training, he is authorized to provide for the payment, with respect to any such person, of such fair and reasonable com- pensation as will not exceed $500 for an ordinary school year."

Under the above quoted authority from Con- gress, the Veterans Administration set up certain methods of arriving at the rate of tuition and fees which will be paid to State and other institutions having no established tuition and fees or whose

established tuition and fees are found by the Administrator of Veterans Affairs to be inadequate compensation for furnishing such education or training. See Veterans Administration Instruction No. 6, Title II, P. L. 346, 78th Congress, April 17, 1945. It will be noted that such charges and payments are not made directly to the veteran but are made to the educational institution.

Therefore, it is our opinion that Texas educational institutions may lawfully submit statement of charges and receive payment of tuition and fees from the Veterans Administration for any veterans who attend such institutions under the provisions of Public Law 16 as amended and Public Law No. 346 as amended, and that Section 3, Article 2654b-1 did not prohibit such action between May 15, 1943, and September 4, 1945, the effective date of Section 4, which was added by the 49th Legislature to clarify any doubt that might exist about the matter.

Having answered questions 1 and 2 as above, your request calls for no answer to question 3.

### SUMMARY

State educational institutions of collegiate rank may submit statement for and receive payments of tuition and fees on account of World War II veterans who attend such institutions under Public Law No. 16 and Public Law No. 346 (G. I. Bill) of the 78th Congress.

Yours very truly,

Price Daniel
Attorney General

PD:eb:mrj